ADRIENNE C. PUBLICOVER (SBN 161432)
Email: Adrienne.Publicover@wilsonelser.com
DENNIS J. RHODES (SBN 168417)
Email: Dennis.Rhodes@wilsonelser.com
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105
Tel: (415) 433-0990 / Fax: (415) 434-1370
Attorneys for Defendant
AMERICAN GENERAL LIFE
INSURANCE COMPANY

ROBERT K. SCOTT (SBN 67466)
JOEL S. POREMBA (SBN 195722)
LAW OFFICES OF ROBERT K. SCOTT
7700 Irvine Center Drive, Suite 605
Irvine, CA 92618
Tel: (949) 753-4950 / Fax: (949) 753-4949
Attorneys for Plaintiff
MARVIN TRIPP

JOSEPH C. CAMPO (SBN 150035)
LEWIS BRISBOIS BISGAARD & SMITH LLP
221 North Figueroa Street, Suite 1200
Los Angeles, CA 90012
Tel: (213) 250-1800 / Fax: (213) 250-7900
Attorneys for Defendant
WILLIAM E. JERRO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN TRIPP, an individual, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN GENERAL LIFE INSURANCE COMPANY, a corporation; WILLIAM E. JERRO, an individual, and DOES 1 through 10, <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIM | Case No.   EDCV09-00221 SGL (OPx) <br><br> [~~PROPOSED~~] PROTECTIVE ORDER RE "CONFIDENTIAL" MATERIALS PRODUCED DURING DISCOVERY AND USED BY THE PARTIES OR THEIR EXPERTS |

---

[PROPOSED] PROTECTIVE ORDER RE "CONFIDENTIAL" MATERIALS PRODUCED DURING
DISCOVERY AND USED BY THE PARTIES OR THEIR EXPERTS
USDC CDCA Case No. EDCV09-00221 SGL (OPx)
478290.1

WHEREAS, The Stipulation of the Parties for a protective order came before this Court in due course; and

WHEREAS, the Parties to this matter, defendant American General Life Insurance Company ("AGLIC"), has document production requirements under Rule 26 if the Federal Rules of Civil Procedure; and

WHEREAS, AGLIC contends that some of these documents, information and other materials are in whole or in part proprietary information, non-public personal information of decedent Diane Tripp and/or "CONFIDENTIAL" business records; and

WHEREAS, AGLIC, plaintiff Marvin Tripp ("Tripp") and defendant William Jerro ("Jerro") (collectively referred to hereinafter as "the Parties"), require that the confidentiality of the documents and/or materials, and the information contained in the documents and materials, be maintained; and

WHEREAS, the Parties by and through their attorneys of record have agreed to comply with the letter and intent of said confidentiality;

**IT IS HEREBY ORDERED THAT**:

1. At such time as AGLIC delivers to Tripp and Jerro or their respective attorneys, any documents or materials by way of discovery in this case, or divulge any documents or materials or any information contained therein, AGLIC shall designate as "CONFIDENTIAL" any such documents, materials, or information it claims constitutes non-public personal information, HIPAA protected medical information, and/or contains trade secrets, and/or "CONFIDENTIAL" business information. At such time as such documents or information designated by AGLIC as "CONFIDENTIAL" are received, if it is contended by the receiving party that any of such documents or information, as a matter of law and/or fact, do not reasonably constitute trade secrets or other information that is or should be considered "CONFIDENTIAL" business information, non-public personal information, the

1  receiving party has the right to contest that designation, by filing a motion under seal
2  with the court requesting that the court inspect the documents and/or information in
3  camera, for the purpose of determining whether or not such documents and/or
4  information should be designated as "CONFIDENTIAL". In the event that any party
5  files such motion, the Parties agree that until such time as the court makes a
6  determination on the motion, the Parties will treat the documents and/or information
7  in question as being "CONFIDENTIAL" in accordance with the terms of this
8  stipulation.

9      2.    The Parties and their respective attorneys, shall not give, show, or
10 otherwise directly or indirectly disclose any such "CONFIDENTIAL" documents,
11 materials or information produced in this action, or the substance thereof, or any
12 copies, prints, negatives or summaries thereof, to any entity or person, except, that the
13 Parties may disclose such "CONFIDENTIAL" documents, materials or information
14 produced in this action to any agents, experts or consultants employed by them or
15 their attorneys, in connection with and solely for this action, or pursuant to a court
16 order requiring the Parties or their counsel to disclose any such "CONFIDENTIAL"
17 documents, materials, or information.

18     3.    Any and all of the Parties' experts, consultants and or counsel associated
19 in this litigation and any other individuals who are to have access to
20 "CONFIDENTIAL" documents, materials and/or information subject to this
21 Stipulation and Protective Order, or to the substance thereof, or to any copies, prints,
22 negatives or summaries thereof, shall be presented with a copy of this Stipulation and
23 Protective Order. A Declaration in the form of **Exhibit "A"** attached hereto shall be
24 executed by such experts, consultants, counsel and/or other persons who are to have
25 access to the "CONFIDENTIAL" documents, materials and/or information, stating
26 that they will comply with the provisions of this Stipulation and Protective Order.
27 Such Declaration shall be returned to the attorneys who provided access to the
28

"CONFIDENTIAL" documents, materials and/or information and shall be maintained by them. Those experts, consultants, counsel, and/or other individuals who are to have access to "CONFIDENTIAL" documents, materials and/or information subject to this Stipulation and Protective Order shall not give, show, or otherwise, directly or indirectly, disclose any of the "CONFIDENTIAL" documents, materials and/or information subject to this Stipulation and Protective Order, or the substance thereof, or the existence thereof, or any copies, prints, negatives, or summaries thereof, to any entity or person, except as may be necessary in preparing to render, or rendering, expert advice or assistance in this lawsuit. The executed Declaration (**Exhibit "A"**) returned to the attorney is not required to be disclosed to any other party or their attorney of record. Only if a legal issue arises about disclosure of "CONFIDENTIAL" documents, materials, or information to unauthorized persons or entities shall the declaration be disclosed to the party, or their attorney of record, who questions the unauthorized disclosure.

    4.    The Parties to this action and their attorneys agree that all objections, including, but not limited to, objections based on relevancy, materiality, privilege, and all questions of admissibility are reserved and shall be asserted in accordance with any Scheduling, or similar, Order from the United States District Court, Central District of California, and if no order exists, then at or during the trial in this action in which such "CONFIDENTIAL" documents and/or materials are used or proffered should any such party deem it proper.

    5.    "CONFIDENTIAL" documents and materials, as those terms are used herein, mean information, including "CONFIDENTIAL", non-public and proprietary information about AGLIC's business, products, practices, or procedures that, in the ordinary course of business, are not voluntarily disclosed to the public or to third persons or entities who do not have a need to know. "CONFIDENTIAL" also includes non-public personal information concerning decedent Diane Tripp, including

but not limited to her HIPAA protected medical information and financial information. Documents or materials that concern, reflect, embody, or constitute the foregoing may include, but shall not be limited to correspondence, marketing materials, sales materials, memoranda, notes, plans, specifications, test reports, test procedures, test manuals, photographs, medical records, company manuals, claims, videotapes, graphs, charts, financial and budget information, and deposition or trial transcripts and exhibits thereto. "CONFIDENTIAL" documents and materials shall be so designated by prominent markings placed on each document or item at or before the time the document or item is divulged or produced for inspection. The Parties, their attorneys, their experts, and any other information shall limit the number of copies to that which is absolutely necessary to adequately prepare their case and shall ensure that copies are returned to their respective counsel. Any and all copies shall be treated in accordance with the terms of this Stipulation and Protective Order.

   6.   Any party claiming that information designated by the other party as "CONFIDENTIAL" has been in the possession of such first party or has been in the possession of the public prior to disclosure of such information in discovery herein shall have the burden of proving such earlier possession or such public knowledge of such information.

   7.   By this stipulation the Parties do not waive any rights they may possess to compel further discovery responses or to object to any further discovery requests made by either party.

   8.   Any "CONFIDENTIAL" documents, materials and/or information attached as an exhibit to any deposition taken in this action, and any deposition testimony containing information from "CONFIDENTIAL" documents, materials and/or information, and any papers filed with the court in this action, which include or summarize any deposition transcripts, testimony, or exhibits containing "CONFIDENTIAL" information, as described herein, shall be sealed and protected

from disclosure by this Stipulation and Protective Order by placing the "CONFIDENTIAL" information inside a double sealed envelope marked "CONFIDENTIAL" INFORMATION SEALED BY ORDER OF THE COURT." Similarly, any "CONFIDENTIAL" documents, materials and/or information produced during discovery and/or offered and/or admitted into evidence during pre-trial proceedings, trial, or post-trial proceedings, and any testimony relating to such "CONFIDENTIAL" documents, materials and/or information, and any papers, affidavits, declarations, memoranda or other pleadings filed with the Court in this action, which attach, include quote or summarize any such "CONFIDENTIAL" documents, materials and/or information shall in like manner be sealed and protected from disclosure by this Stipulation and Protective Order. The Parties shall not attack the propriety of the sealing and protection of the above-referenced "CONFIDENTIAL" documents and materials after the conclusion of this litigation, whether by judgment or settlement or by any other means of dispute resolution. The use of such "CONFIDENTIAL" documents, materials and /or information during depositions, such productions, and/or offerings and/or admissions into evidence, and/or inclusion in any papers, affidavits, declarations, memoranda or other pleadings in this action does not waive the terms of this Stipulation and Protective Order.

9.  If any party or their agents inadvertently produces or discloses any "CONFIDENTIAL" or non-public information without marking it with the appropriate legend, that Party may give notice to the receiving party that the information should be treated in accordance with the terms of this Order, and shall forward appropriately stamped copies of the items in question. Within five (5) days of the receipt of the substituted copies, and upon request, the receiving Party shall return the previously unmarked items and all copies thereof. The inadvertent disclosure shall not be deemed a waiver of confidentiality so long as such designation shall be made

within thirty (30) days of the discovery of the inadvertent production or disclosure by the party making the inadvertent disclosure.

10. Within thirty (30) days after the conclusion of the trial and any appeals in this actions and the satisfaction of any judgment, or upon the conclusion of any settlement, any "CONFIDENTIAL" documents, materials and/or information, or any papers, pleading or memorandum purporting to reproduce or paraphrase such documents, materials and/or information, including all copies thereof in the court records, will be released from the court records and returned to AGLIC's attorneys. Moreover, within thirty (30) days after conclusion of the trial and any appeals in this action and the satisfaction of any judgment, or upon the conclusion of any settlement, the Parties shall return to the party that has produced "CONFIDENTIAL" documents, through their respective counsel, all "CONFIDENTIAL" documents, materials and/or information in their possession, or that of their attorneys, their agents, experts, consultants, or any other person who has signed a Declaration in the form of **Exhibit "A"**, produced under the terms of this Stipulation and Protective Order.

11. The Court shall expressly reserve the right and jurisdiction to make such further protective orders in this matter as may be required to protect the Parties and the secrecy, confidentiality, proprietary and trade secret aspect of any information to be revealed through the discovery process.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

12. The terms of this Stipulation and Protective Order shall remain fully active until released by written consent of AGLIC. The Court shall retain jurisdiction over the Parties, this Stipulation and Protective Order, and recipients of "CONFIDENTIAL" documents, materials and/or for the sole purpose of enforcing this Stipulation and Protective Order and adjudicating claims of breaches thereof and administering damages and other remedies related thereto. The provisions of this Stipulation and Protective Order shall continue to be binding as to the "CONFIDENTIAL" documents, materials and/or information produced pursuant to it.

13. Any request to file with the Court documents, materials, information, and/or papers described in paragraph 8 shall be made in compliance with Local Rule 79-5.

**IT IS SO ORDERED.**

Dated: 10/21/09          By: _____
                              Honorable Oswald Parada
                              United States Magistrate Judge

---

7
[PROPOSED] PROTECTIVE ORDER RE "CONFIDENTIAL" MATERIALS PRODUCED DURING DISCOVERY AND USED BY THE PARTIES OR THEIR EXPERTS
USDC CDCA Case No. EDCV09-00221 SGL (OPx)
478290.1

# EXHIBIT "A"

I, _____, declare that:

1. I have been provided copies of, or access to, "CONFIDENTIAL" documents, materials, and/or information that are subject to a Stipulation and Protective Order Re: Confidentiality of Documents and Materials (Stipulation and Protective Order") in the above-captioned action (hereinafter "Confidential Data").

2. As a prior condition to my being permitted to receive, see, or review any Confidential Data, I have read all of the provisions of the Stipulation and Protective Order entered in this action regarding the Confidential Data, and I agree to be bound by its terms.

3. Before providing copies of, or access to, the Confidential Data to any individuals allowed access under the terms of the Stipulation and Protective Order, I will require that said individuals read a copy of the Stipulation and Protective Order and will require that said individuals execute a copy of this Declaration stating that they will comply with the terms of the Stipulation and Protective Order.

4. I understand the Stipulation and Protective Order is a Court Order which is legally binding on me. I hereby agree to submit to the jurisdiction of the Superior Court of California, County of Los Angeles, for the enforcement of any claimed violation of the terms of the Stipulation and Protective Order or of this Declaration, and agree that such jurisdiction shall survive the termination of the above entitled action.

I declare under penalty of perjury under the laws of the United States of America, and the laws of the State of California that the foregoing is true and correct.

Dated this _____ day of _____, 2009 at _____.

_____          _____
Print Name                                   Signature Here

---

8
**[PROPOSED] PROTECTIVE ORDER RE "CONFIDENTIAL" MATERIALS PRODUCED DURING DISCOVERY AND USED BY THE PARTIES OR THEIR EXPERTS**
USDC CDCA Case No. EDCV09-00221 SGL (OPx)
478290.1

# CERTIFICATE OF SERVICE
*Marvin Tripp v. American General Life Insurance Company*
*USDC CDCA Case #EDCV09-00221 SGL (OPx)*

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**[PROPOSED] STIPULATED PROTECTIVE ORDER RE "CONFIDENTIAL" MATERIALS PRODUCED DURING DISCOVERY AND USED BY THE PARTIES OR THEIR EXPERTS**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→   : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

: **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

: **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

: **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

| | |
|---|---|
| Robert K. Scott, Esq.<br>Joel S. Poremba, Esq.<br>L/O OF ROBERT K. SCOTT<br>111 Pacifica, Suite 240<br>Irvine, CA 92618<br>Telephone: (949) 753-4950<br>Facsimile: (949) 753-4949<br><br>*Attorneys for Plaintiff and Counterdefendant MARVIN TRIPP* | Joseph C. Campo, Esq.<br>LWEIS BRISBOIS<br>BISGAARD & SMITH LLP<br>221 North Figueroa Street, Suite 1200<br>Los Angeles, CA 90012<br>Tel: (213) 250-1800<br>Fax: (213) 250-7900<br><br>*Attorneys for Defendant WILLIAM E. JERRO* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on October 2, 2009, at San Francisco, California.

_____
Nancy Li